UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PAUL ARENA and NATHANIEL BRADLEY          :
                                          :    14 Civ. 1002
                    Plaintiffs,           :
                                          :    COMPLAINT
         -against-                        :
                                          :
JOHN DOES 1-30,                           :
                                          :
                    Defendants.           :
------------------------------------------------------------------X

Plaintiffs Paul Arena ("Plaintiff Arena") and the Nathaniel Bradley ("Plaintiff Bradley") (hereinafter Plaintiff Arena and Plaintiff Bradley are sometimes collectively referred to as "Plaintiffs"), by its attorneys Nesenoff & Miltenberg, LLP, file this complaint against multiple unknown Defendants and allege as follows:

## THE NATURE OF THE ACTION

1.      This action is brought by Plaintiffs to recover, *inter alia*, damages caused by Defendants' libelous publications of knowingly false statements on numerous Internet websites. Upon information and belief, Defendants posted various postings in the form of online articles, commentary, and editorial pieces (the "Posts"), as well as spread false information to others through electronic mail.

2.      The Posts contained false information and misrepresentations, including that Plaintiffs pumped the stock of their companies, stole money from investors and their company, have engaged in criminal behavior, conducted inappropriate romantic relations with coworkers, cause their company to lose money, were terminated from their company, are incompetent at their profession, had charges brought against them by the Securities and Exchange Commission (SEC), and more. The Posts were abusive, vulgar, and damning to the Plaintiffs, and were accessible to millions of Internet users around the world.

1

3. Plaintiffs are private citizens, who are neither politicians nor celebrities.

4. The Defendants' actions were malicious in nature, taken solely to damage Plaintiffs' reputations and careers.

## PARTIES

5. Plaintiff Arena is an individual residing within the Eastern District of the State of New York.

6. Plaintiff Bradley is an individual residing in the State of Arizona.

7. The true names and capacities, whether individual, corporate, or otherwise, of Defendants John Does 1-30 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.

8. Plaintiffs know the pseudonym or "internet handle" used by Defendants. Through discovery, Plaintiff can obtain the Internet Protocol ("IP") address assigned to the accounts used by the Defendants by the account holder's Internet Service Provider ("ISP") on the date and at the time at which the Posts were published. Plaintiffs intend to subpoena the ISPs in order to learn the identity of the account holders for the IP addresses.

9. Though an IP address alone does not reveal the name or contact information of the account holder, it does reveal that person's location. IP addresses are distributed to ISPs by public, nonprofit organizations called Regional Internet Registries. As the name implies, these registries assign blocks of IP addresses to ISPs by geographic region. In the United States, these blocks are assigned and tracked by the American Registry of Internet Numbers. Master tables correlating the IP addresses with local regions are maintained by these organizations in a publicly-available and searchable format. An IP address' geographic location can be further narrowed by cross-referencing this information with secondary sources such as data contributed to commercial databases by ISPs. Plaintiffs may utilize these techniques to uncover the geographic location of each IP address the Defendants.

...

10. Plaintiffs believe that information obtained in discovery will reveal the Defendants' true names, addresses and other identifying information and allow Plaintiffs to amend this Complaint to state the same. Plaintiffs further believe that the information obtained in discovery may lead to the identification of additional parties to be added to this Action as defendants.

11. On information and belief, each of the Defendants named herein performed, participated in, conspired to commit, or abetted, the acts alleged herein, proximately caused the damages alleged and are liable to Plaintiffs for the damages and relief sought herein.

## JURISDICTION AND VENUE

12. This Court has diversity jurisdiction over this action under 28 U.S.C. §1332, because the matter in controversy arises between citizens of different states and because the amount in controversy exceeds $75,000.

13. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. Specifically, the company that is the subject of statements at issue is located in this judicial district, and Plaintiff Arena resides in this judicial district.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

14. Plaintiff Arena and Plaintiff Bradley are the former CEO and CTO of Augme Technologies, Inc. (hereinafter "Augme"), a publicly traded technology company, with operations in New York.[1]

15. Since March 2013, Plaintiff Arena has been on the Advisory Board and acting in a consulting capacity for AudioEye, Inc., another publicly traded company (hereinafter "AudioEye").

---

[1] Effective August 23, 2013, Augme's has been changed to Hipcricket, Inc. but for purposes of this pleading be at all times referred to primarily as Augme, unless referring to a specific quote.

1

16. Soon after Plaintiffs resigned from their positions at Augme and Plaintiff Arena began consulting for AudioEye, Defendants began publishing the Posts about Plaintiffs on various websites.

17. The Posts first were published or about September 2012, soon after Plaintiff Arena's departure from Augme. Although a steady stream of Posts was published in the months thereafter, the defamatory nature of the Posts increased greatly. There was a noticeably greater increase in published Posts after Plaintiff Arena was appointed Executive Chairman of AudioEye on January 27, 2014.

18. The Posts stated, among other claims, that: AudioEye is "broke"; Plaintiffs "should share a jail cell"; Plaintiffs have pumped the stock of AudioEye; that AudioEye was out of cash; Plaintiff Arena "ran companies out of money"; AudioEye is "out of money"; Plaintiff Arena will "steal your case" sets up scams; Plaintiff Arena had an "office fling"; Plaintiffs "enrich themselves at the expense of the innocent"; Plaintiffs failed in their professions; Plaintiff Bradley has "no business running" a company; Plaintiffs "misled investors" at Augme; Plaintiff Arena was "sanctioned for fraud"; Plaintiffs "are responsible for [Augme's] demise"; the SEC was charging Plaintiffs for pumping stock; Plaintiffs scammed their companies; Plaintiff Arena's "actions and incompetence caused investors to lose large sums of money"; Plaintiff Arena was fired; Hipcricket got "suckered into a buyout"; Plaintiffs are the "bangbros of stock pump"; Plaintiff Arena pumped stock; AudioEye stock is on the "verge of a breakdown"; AudioEye's "business model is flawed" it is "comical that it could succeed"; AudioEye's stock is on the "verge of falling off a cliff and breaking the deal price"; Plaintiff Arena had his "hand in the cookie jar"; and AudioEye's "management [is] burning over $400k…per quarter."

19. The internet handles used by Defendants include: SharesluethNYPD39, BullTrader, Hammer1, caveat64emptor, i2telecoscammedme4lots, spetty772002, sandwormrider, billy2364, frmercmgoinvestor32wef, flyersdh, Hollycoop129, pumpanddump340985, itsahorserace, emsdadtimbo,

1

reimstockwatch23, sirius_yomama_2, ytu67iudeyuileu6, cmgoinvestortoolong213, lookoutbelow99, and honesteldon007.

20. The claims made in the Posts are absolute falsities intended to severely damage Plaintiffs' reputations, accusing of poor and immoral business practices and criminal activity, capable of affecting not only Plaintiffs' careers but also their past and current employers. It is unknown how many people have seen the Posts but its effects of its initial viewing are impossible to reverse, and each day the Posts remain visible to the public further damages the Plaintiffs.

**FIRST CAUSE OF ACTION**
**(Libel)**

21. Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

22. Defendants published various libelous statements about Plaintiffs, accusing them of misappropriation, fraud, and other criminal behavior, as well as improper business relations and immoral acts. Defendants have published Posts regarding Plaintiffs as well as the companies they formally and currently work for. The published statements are false.

23. Defendants are aware that their statements are false, and have no proof or reasoning offered to its readers to evidence their allegations against Plaintiffs.

24. Although the true facts of Plaintiffs and their employers are easily attained through simple searches, Defendants nevertheless chose to publish the incorrect and damning statements.

25. Defendants published the Posts in a public arena, knowing that anyone with the ability to conduct an Internet search, as simple as entering Plaintiffs' names into a search engine like Google, would have access to their Posts.

26. The statements against Plaintiffs exposed them to contempt, aversion, and increased safety concerns. Due to the public nature of these statements, as well as the possibility of rapid duplication, Plaintiff's reputations continue to be harmed each day.

27.     As a result, Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Injunctive Relief)

28.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as though fully stated herein.

29.     Defendants continue to publish their defamatory posts. Many of the Posts refer to the Defendants' disregard for the untruthful nature of their own statements. Additionally, it is unknown how many people have had the opportunity to view the defamatory statements or how many times the statements have been shared or duplicated.

30.     Without injunctive relief, Plaintiffs will continue to suffer the damages caused by the Posts. Furthermore, Plaintiffs' reputations continue to be tarnished and their business opportunities are at great risk. A monetary award is insufficient to fully compensate Plaintiffs, and there is no adequate remedy at law.

31.     By reason of the foregoing, this Court should order Defendants to cease writing and publishing their defamatory statements, and to order any ISPs with control over the Posts to permanently disable access to them.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

(i)     On the first cause of action, as against Defendants jointly and severally, an amount to be determined at trial;

(ii)    On the second cause of action, as against Defendants jointly and severally, an amount to be determined at trial, and an order that Defendants and any relevant ISP disable public access to any and all posts regarding Plaintiffs that are under Defendants' control;

1

(iii)    Attorneys' fees as against Defendants jointly and severally, in an amount to be determined at trial;

(iv)    Punitive damages as against Defendants jointly and severally, in an amount to be determined at trial; and

(v)    Such other relief and further relief that this Court deems just and proper.

**Dated:**    New York, New York
February 14, 2014

                                  NESENOFF & MILTENBERG, LLP

                                  By: _____
                                  Andrew T. Miltenberg, Esq.
                                  Diana R. Zborovsky, Esq.
                                  **Attorneys for Plaintiffs**
                                  363 Seventh Avenue, Fifth Avenue
                                  New York, New York 10001
                                  212.736.4500